**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Gerald COVELLI et al., Defendants.**

**No. 60 CR 331.**

United States District Court
N. D. Illinois, E. D.

Nov. 21, 1962.

James P. O'Brien, U. S. Atty., for plaintiff.

George F. Callaghan, Chicago, Ill., for defendants.

WILL, District Judge.

The United States has moved to vacate the order of this Court of October 2 insofar as it requires the furnishing of (1) the names and addresses, if any, of co-conspirators who were not known to the Government at the time the indictment herein was returned but have since become known, (2) the names, if any, of persons who were present at conversations alluded to in overt acts 1, 7 and 8 of Count I of the indictment, and (3) the time, place, persons present and nature of any overt acts which could have been included in the indictment but were not and which will be testified to at

the trial. Apparently it is the Government's position that by furnishing the foregoing information it discloses its list of witnesses as well as its entire case.

■ While there have been varying judicial interpretations of the office of a bill of particulars in a criminal case, in the final analysis the matter is one which is left largely to the sound discretion of the trial judge. Wong Tai v. United States, 1927, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. As a guideline in the exercise of this discretion, however, the Court is impressed with the following language from United States v. Smith, D.C.W.D.Mo.1954, 16 F.R.D. 372, 374–375, an opinion by former Justice Whittaker during his tenure as a federal district judge:

"* * * Its proper office 'is to furnish to the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial', and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because evidentiary in nature', and an accused is entitled to this 'as of right'. * * * It seems quite clear that 'where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered.' * * *

"This must necessarily be true when we realize that there is no discovery means in criminal cases, such as provided by the civil rules for civil cases, and that the only means open to a defendant, in a criminal case, for the securing of the details of the charge against him is that afforded by Rule 7(f) of the Federal Rules of Criminal Procedure. ' "Bills of particulars have grown from very small and technical beginnings into most important instru-

ments of justice. * * * While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it." ' U. S. v. Balaban, D.C., 26 F.Supp. 491, 499."

■ The names and addresses of any co-conspirators who have become known to the Government since the indictment was returned should certainly be furnished. Any such co-conspirators occupy the same stance as a defendant named in the indictment, at least insofar as their identity and addresses are concerned, and the fact that they were not known at the time of the presentment before the grand jury is merely fortuitous and cannot be a basis for refusal to disclose.

■ The same principle applies to overt acts which could have been included in the indictment but were not and which the Government intends to present testimony about at the trial. If the requested particulars of these acts are not now disclosed, the Court will inevitably be met at the trial with a motion to strike or exclude on the ground of surprise. The Government cannot put the defendant in the position of disclosing certain overt acts through the indictment and withholding others subsequently discovered, all of which it intends to prove at the trial. This is the type of surprise a bill of particulars is designed to avoid.

■ As to other persons who may have been present at certain conversations which form an important part of the Government's case, this information should also be furnished. The Government's contention that it is thereby compelled to put its entire case in the hands of the defense is unwarranted, since it will be remembered that the Court refused to order disclosure of the substance of any of these conversations.

The motion to vacate is therefore denied. An order consistent with the above will be entered.