UNITED STATES of America, Plaintiff-Appellant,

v.

Jerry P. CALLAHAN, Jr., and Norbert A. Young, Defendants-Appellees.

No. 75–1820.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1976.

Decided April 15, 1976.

Rehearing and Rehearing En Banc Denied May 21, 1976.

Samuel K. Skinner, U.S. Atty., Ann C. Tighe, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellant.

George P. Lynch, Edward J. Calihan, Jr., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and EAST, Senior District Judge.*

EAST, Senior District Judge, Sitting by Designation.

The United States of America (Government) appeals the order of the District Court entered on June 30, 1975 dismissing the indictment against the above-named defendants-appellees (Defendants). The dismissal followed the Government's refusal to comply with a Fed.R.Crim.P. 16(a)(1)(A) discovery order to produce the statements of certain prospective Government witnesses. We reverse.

Defendants were charged in a multiple count indictment with various violations of 15 U.S.C. §§ 645(a) and (b) and 18 U.S.C. §§ 2(a), 2(b), 201(b)(2), 201(c)(2), 1001 and 1503 through alleged fraudulent entries and claims, bribery and obstruction of justice in the securing of Small Business Administration loans.

Defendants moved in pretrial discovery, pursuant to Rule 16(a)(1)(A) (hereinafter referred to as Rule 16), for an order requiring the Government to disclose for inspection "a copy of statements or confessions of the defendant[s] in the possession of government agents or summaries of statements or confessions including: (a) . . (b) portions of grand jury testimony which allegedly relate the statements or confessions of the defendant[s] as related to third persons."

The District Court ordered the Government to disclose to Defendants all portions of prospective Government witnesses' statements "in the nature of an admission or confession or acknowledgment of guilt." The Government sought clarification. In an effort to conform with the order, the Government submitted to the District Court for *in camera* inspection various documents, including a transcript of the oral testimony of several witnesses before the Grand Jury. The District Court delineated those portions of the transcribed oral testimony of two witnesses which it determined to contain inculpatory oral statements by the Defendants and heard by the witnesses, and ordered the Government to disclose those portions to the Defendants. The Government declined to comply on the premise that the order to disclose or produce under Rule 16 impermissibly conflicted with Government witness protections under the Jencks Act, 18 U.S.C. § 3500 (hereinafter referred to as § 3500.[1] *United States v. Feinberg,* 502

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The *Government tendered to Defendants their relevant written and recorded statements or confessions as required by Rule 16, and in addition, provided the Defendants with the circumstances . surrounding relevant admissions made by Defendants to prospective Government witnesses. The Government did not* claim that the disclosure would jeopardize the security of any prospective Government witness nor adversely affect the integrity of the Government's evidence, nor did it intimate a certainty that such disclosure would jeopardize the Government's witnesses or case, as it had no information indicating that such a problem might arise. The Government's position is based solely on the premise that the Defendants are seeking the statements of witnesses contra to the provisions of § 3500.

F.2d 1180 (7th Cir. 1974); *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.), *cert. denied*, 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972), and *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972).

Defendants' motion for a dismissal of the indictment was granted as an appropriate sanction for the Government's failure to comply with the discovery order. The District Court filed a memorandum opinion which, for the purposes of our review, stated as a foundation for the ruling, *inter alia*, that under Rule 16 a Defendant is entitled to disclosure of "all confessions and admissions or acknowledgments of guilt in the nature of confessions in the government's possession and without regard to when made or whether contained in a separate document or incorporated in a report or interview, grand jury testimony or other document."

We gather that the District Court was able to rationalize to its satisfaction reasons for not applying the full thrust of the rule in *Feinberg* to the instant motion to produce. We interpret that rationalization as an unannounced by-pass of the rationale of *Feinberg* in favor of a liberal, broad view of interpretation and utilization of Rule 16 as suggested in § 2.1(a)(ii), ABA Standards Relating to Discovery and Procedure Before Trial (1969), and presently urged upon us by the Defendants. *United States v. Crisona*, 416 F.2d 107, 114–15 (2d Cir. 1969), and *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974). *See* the dissenting opinion of Judge Koelsch in *Walk, infra*, at 766.

The thesis of *Crisona* and *Percevault*, and many District Courts in line therewith, seems to be, and not without some justification, a belief that a full pretrial disclosure by the Government of all incriminating evidence under the Government's control will induce the abashed defendant to bow to the inevitable and enter a guilty plea. As much as one might be tempted by such an idealistic view, we are nevertheless not free to follow their broad liberal interpretation of the meaning and utilization of Rule 16. We are satisfied that the course to be traveled in the interpretation and utilization of the Rule is clearly charted in the rationale and holdings of *Feinberg*.

We deem the single issue on review to be: Are the oral statements of prospective Government witnesses incorporating oral statements of a defendant, in the nature of confessions, admissions or acknowledgments of guilt, made to the witness and which were first memorialized only in the recollections of, then recalled by the witness, and transcribed: (a) discoverable prior to trial as "statements of the defendant" pursuant to Rule 16, or (b) precluded from pretrial discovery under § 3500 as "statement of the witness"?

The District Court concluded, erroneously we believe, that the delineated portions of the transcribed Grand Jury testimony of the witnesses ordered to be disclosed were "statements of the defendants" within the meaning of Rule 16. That conclusion is in direct conflict with the teaching of *Feinberg* at 1183:

"[W]here the statement [of the defendant] is originally memorialized only in the recollection of a witness, then it is not discoverable even if that witness' recollection is eventually written or recorded. . . . [O]rdinarily 'it is "manifestly impossible" to reveal the contents and circumstances of a defendant's statement without revealing the contents of the prospective witness' statement which is forbidden by Section 3500.' "

The foregoing rationale of *Feinberg* has been recently relied upon and followed in *United States v. Walk*, 533 F.2d 417 (9th Cir. 1975).

We believe the inescapable conclusion is that the delineated portions of the transcribed Grand Jury testimony are "statement[s]" of "witness[es]" within the reading of § 3500 and not "statements of defendants" within the purview of Rule 16.[2]

---

**2.** Any ambiguities in present Rule 16 are entirely eliminated in new Rule 16(a)(1)(A) and 16(a)(2). Under the new rules, the defendant is entitled to discover the substance of his oral statements only if he made them to someone then known to him to be a government agent.

We hold that the language of § 3500 precludes Defendants' Rule 16 pretrial discovery and disclosure of the delineated portions of the transcribed Grand Jury testimony of the prospective witnesses under challenge by the Government.[3] *Feinberg, Walk, Wilkerson, Kenny* and *United States v. Dorfman*, 53 F.R.D. 477 (S.D.N.Y.1971), aff'd, 470 F.2d 246 (2d Cir. 1972).

We refuse to legislate by judicial fiat, as was said at page 1183 of *Feinberg*:

"The relief sought by the defendants must come from Congressional revisions of the Jencks Act or amendments to proposed Rule 16(a)(1)(A) to make it coextensive with the ABA Standards, *supra*, whose Section 2.1(a)(ii) provides for the disclosure of 'any written or recorded statements and the substance of any oral statements made by the accused . . . .' We would be able to adopt this standard in the absence of the Jencks Act bar."

The order of dismissal of the indictment entered by the District Court on June 30, 1975 is vacated and the cause is remanded with instructions for the withdrawal of the District Court's Rule 16 discovery order and further proceedings upon the indictment.

Mandate hereon shall issue forthwith.

ORDER OF DISMISSAL VACATED AND CAUSE REMANDED.

---

**3.** "§ 3500. Demands for production of statements and reports of witnesses

"(a) In any criminal prosecution . . . no statement . . . in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of . . . discovery, or inspection until said witness has testified on *direct examination in the trial of the case.*"