UNITED STATES of America, Plaintiff,

v.

George G. MAGAW and Magaw Electric Company, Defendants.

No. 76–Cr–188.

United States District Court,
E. D. Wisconsin.

Jan. 4, 1977.

William J. Mulligan, U. S. Atty. by Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Gimbel, Gimbel & Reilly by Franklyn M. Gimbel, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant George G. Magaw filed motions to dismiss the indictment against

him as vague and uncertain, for severance of his trial from that of the other defendant, to dismiss the indictment on the grounds of prejudicial pretrial publicity, for an order requiring the government to file a bill of particulars, and for certain discovery. A letter from Mr. Magaw's counsel, who initially appeared on behalf of both defendants in this action, indicates that another attorney will represent the defendant Magaw Electric Company at the trial of this action and that the latter attorney, on behalf of the corporate defendant, joins in all but the first two motions. I believe that the motions should be denied.

## IS THE INDICTMENT VAGUE?

The indictment charges the Magaw Electric Company and George G. Magaw with combining and conspiring to suppress and eliminate competition in restraint of interstate trade and commerce in electrical contracting materials, in violation of the Sherman Act, 15 U.S.C. § 1. The indictment alleges that Mr. Magaw was the president, as well as a director and shareholder, of the corporate defendant.

■ Mr. Magaw contends first that the indictment charges only that he held the positions described above and that it is unconstitutional to impose liability upon him merely because of his status. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). This argument ignores paragraphs 7 through 9 of the indictment which allege in part that "the defendants and co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition." Since only two defendants are named in the indictment, the word "defendants" necessarily encompasses Mr. Magaw. Accordingly, I reject the contention that the indictment charges Mr. Magaw with status rather than conduct.

■ The individual defendant's second contention is that if the indictment charges him with conduct, then it is too vague to give him notice of the charges he must meet or to protect him against double jeopardy. The court of appeals for the seventh

circuit has stated in *United States v. Kahn*, 381 F.2d 824, 829 (7th Cir. 1967), cert. denied 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661:

> "The test for the sufficiency of an indictment is 'whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a formal acquittal or conviction." ' "

The indictment in this action charges the defendants with having conspired with others to submit collusive bids for electrical contracting work required in the construction of two specified business establishments; it also advises the defendants that the alleged conspiracy involved an agreement that the corporate defendant would submit a bid for one establishment at a price furnished by Lemberg Electric Company, Inc., and that Lemberg Electric would submit a bid for the other establishment at a price furnished by the corporate defendant. It is further alleged that the defendants and co-conspirators did those things which they had combined and conspired to do. I am unable to subscribe to the defendant's view that the allegations of the indictment fail to meet the tests set forth in *Kahn, supra*. Accordingly, the motion to dismiss the indictment as vague and uncertain will be denied.

## PREJUDICIAL PUBLICITY

■ The defendants have also moved for dismissal of the indictment on the ground that prejudicial pretrial publicity has destroyed their ability to obtain a fair trial before an impartial jury. The motion is unsupported by either briefs or affidavits. The test for granting relief, whether by continuance, change of venue, or dismissal, due to prejudicial pretrial publicity is whether it is possible to select a fair and impartial jury. *United States v. Daddano*, 432 F.2d 1119, 1126 (7th Cir. 1970), cert.

denied 401 U.S. 967, 91 S.Ct. 990, 28 L.Ed.2d 250. This question can only be determined upon *voir dire* of the prospective jurors, so the motion will be denied as premature. See *United States v. Papia,* 399 F.Supp. 1381, 1386–87 (E.D.Wis.1975); *United States v. Caesar,* 368 F.Supp. 328 (E.D.Wis. 1973). Upon the present state of the record, I anticipate no serious problem in impanelling an impartial jury.

### SEVERANCE

■ The defendant George G. Magaw has moved to sever his trial from that of the corporate defendant on the basis that he "cannot receive a fair trial if tried with the other defendant in that at a joint trial he would be unable to call certain witnesses to testify in his own behalf who would testify in his behalf at a separate trial." The burden is on the party seeking severance of jointly indicted defendants to show that he would be so prejudiced that he would be denied a constitutionally fair trial if severance were not granted. *United States v. Bornstein,* 447 F.2d 742 (7th Cir. 1971). However, the defendant has made no showing that any witness possesses exculpatory evidence, that the absence of such evidence would deprive him of a fair trial, or that the witness would be willing to testify at a separate trial. Accordingly, I am unpersuaded that the defendant's motion should be granted on this ground.

■ Mr. Magaw also suggests that a jury would be unable to consider his guilt or innocence separately from that of the corporate defendant which bears his name. There is nothing in the record to overcome the presumption that the jury will understand and abide by the court's instructions. See *Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Pacente,* 503 F.2d 543 (7th Cir. 1974).

For the above reasons, the defendant's motion for severance will be denied.

### BILL OF PARTICULARS

■ The defendants have moved for a bill of particulars, seeking answers from the government to 18 questions. As this court noted in *United States v. Cullen,* 305 F.Supp. 695, 699 (E.D.Wis.1969), "It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." It is apparent that the bulk of the defendants' requests seek evidentiary details. Moreover, the government has represented that it will adhere to its open file policy in this case and that an examination of the government's investigative file would answer each of the questions raised in the defendants' motion. Accordingly, I believe that the bill of particulars sought by the defendants would be inappropriate and will deny the defendants' motion.

### PRODUCTION OF GRAND JURY MINUTES

■ The defendants have moved for the production of the grand jury minutes of the testimony of those witnesses the government intends to call at the trial of this action. Their motion requests such production at least 30 days prior to the trial. The government represents that it will make the transcripts available 24 hours before trial, in accordance with the procedure established in *United States v. Cullen,* 305 F.Supp. 695 (E.D.Wis.1969).

In support of their request, the defendants urge that the indictment alleges a complex offense and that the testimony before the grand jury was "lengthy and extensive." The government notes that the grand jury testimony of Mr. Magaw and of employees of the corporate defendant relating to the offense charged is presently available to the defendants. The government further represents that the remaining grand jury testimony was neither lengthy nor extensive. I believe that the defendants have failed to establish a particularized need for production of the grand jury minutes earlier than 24 hours prior to trial. See *United States v. Ball,* 49 F.R.D. 153 (E.D.Wis.1969). Accordingly, the motion for production of the grand jury minutes will be denied.

640

## OTHER DISCOVERY MOTIONS

 The defendants have moved for discovery, inspection and disclosure of materials set forth in Rule 16, Federal Rules of Criminal Procedure. The government represents that its open file policy satisfies the requirements of Rule 16, and I believe that the motion should be denied.

The defendants have moved for production of exculpatory evidence. The government represents that it will comply with its duty under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and I will accordingly deny the motion.

 The defendants have also moved for discovery of electronic surveillance, pursuant to *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1967). The assistant United States attorney represents that she is unaware of any such surveillance covered by *Alderman* and that she will file an affidavit concerning surveillance by other agencies, following an appropriate inquiry. Under the circumstances, I believe the motion should be denied. I do not believe it is necessary to inspect the tape of a conversation recorded by one Richard Malone without any involvement on the part of the government.

## CONCLUSION

Therefore, IT IS ORDERED that the motion of the defendant George G. Magaw to dismiss the indictment as vague and uncertain be and hereby is denied.

IT IS ALSO ORDERED that the motion of the defendants George G. Magaw and Magaw Electric Company to dismiss the indictment because of prejudicial pretrial publicity be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendant George G. Magaw for severance be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendants George G. Magaw and Magaw Electric Company for a bill of particulars be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendants George G. Magaw and Magaw Electric Company for the production of grand jury minutes be and hereby is denied.

IT IS FURTHER ORDERED that the motions of the defendants George G. Magaw and Magaw Electric Company for discovery, inspection and disclosure, for production of exculpatory evidence, and for discovery of electronic surveillance be and hereby are denied.