UNITED STATES of America, Plaintiff,

v.

Floyd Blane THOMAS, JR., Roger Taylor, Defendants.

No. 84–64–CR–3.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

March 25, 1985.

Thomas P. Swaim, Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

Randy S. Gregory, Anthony Rand, Fayetteville, N.C., for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This action comes before the court on the ORDER AND RECOMMENDATION of the Honorable Alexander B. Denson, United States Magistrate concerning pretrial discovery and disclosure, filed in this action January 16, 1985. The court has considered all the filings in this action in a *de novo* review, and now enters this order.

■ The defendants in this case are charged with conspiracy to import a controlled substance and other related offenses. The magistrate ordered the United States to disclose to the defendants all Jencks Act Material within its possession no later than twenty-four (24) hours prior to the testimony at trial of that witness. The magistrate relied on *United States v. Fine,* 413 F.Supp. 740 (W.D.Wis.1976). A better line of authority holds that a court may not compel the Government to disclose statements of a witness before the conclusion of his direct testimony. *United States v. Algie,* 667 F.2d 569 (6th Cir.1982); *United States v. Campagnuolo,* 592 F.2d 852, 858 (5th Cir.1979); *United States v. Calla-*

*han* 534 F.2d 763, 765 (7th Cir.1976); *United States v. Spagnuolo,* 515 F.2d 818, 821 (9th Cir.1975); *United States v. Sebastian,* 497 F.2d 1267, 1270 (2d Cir.1974). This part of the magistrate's ORDER AND RECOMMENDATION is REVERSED.

The magistrate also ordered the government to disclose three days before trial any inculpatory statements of co-conspirators who will not be government witnesses if the government plans to introduce the statements under Federal Rule of Evidence 801(d)(2)(E). Again the magistrate relied on *Fine (supra)* as well as *United States v. Konefal* 566 F.Supp. 698, 706 (N.D.N.Y. 1983) and *United States v. Turkish* 458 F.Supp. 874, 882 (S.D.N.Y.1978).

Rule 16 of the Federal Rules of Criminal Procedure does not compel this result. Rule 16 requires disclosure of "any relevant written or recorded statements of the defendant" that are within the knowing control of the government, "the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant" to a party that the defendant knew was a government agent, "and recorded testimony of the defendant before a grand jury which relates to the offense charged."

Some courts have ordered pretrial disclosure of statements of co-conspirators who are not potential government witnesses if the government intends to offer the statement into evidence under 801(d)(2)(E). The courts have found authority to make such an order in their inherent power to control the process of litigation and by reading Rule 16 *in pari materia* with 801(d)(2)(E). See *Fine (supra); Konefal (supra); Turkish (supra); United States v. McMillen* 489 F.2d 229 (7th Cir.1972).

Admission of a co-conspirator's statement under 801(d)(2)(E) does not make it a statement of the defendant under Rule 16 so as to require pretrial disclosure. Rule 801(d)(2)(E) concerns admission of evidence at trial; Rule 16 concerns pretrial discovery. In criminal cases, the amount of

evidence subject to pretrial discovery is much more limited than the amount of evidence which is admissible at trial. Reading an evidentiary rule *in pari materia* with Rule 16 cannot be the basis to compel pretrial discovery of the statements of co-conspirators not expected to be government witnesses.

The issue then becomes whether the court has the inherent power to order pretrial disclosure of the statements. Any written statement by a co-conspirator in the furtherance of a conspiracy, which may be admitted against these defendants under 801(d)(2)(E) may be discoverable under the provisions of Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure.

■ "Statements. made by government witnesses or prospective government witnesses" are not subject to disclosure "except as provided in 18 U.S.C. 3500," the Jencks Act, which prohibits compelled disclosure before the witness has testified. Rule 16(a)(1)(A). *United States v. Percevault* 490 F.2d 126 (2nd Cir.1974). An oral statement to a government witness is part of that witness's testimony and is discoverable only through the provisions of the Jencks Act. *United States v. Callahan* 534 F.2d 763 (7th Cir.) *cert. denied* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); *United States v. Wilkerson* 456 F.2d 57, 61 (6th Cir.) *cert denied* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972). That part of the magistrate's ORDER AND RECOMMENDATION which requires the government to disclose oral statements of co-conspirators who are not prospective government witnesses is REVERSED.

Except as explicitly reversed in this order, the ORDER AND RECOMMENDATION of the Honorable Alexander B. Denson entered in this action on January 16, 1985, is ADOPTED and made the order of this court.

AFFIRMED IN PART AND REVERSED IN PART this 25th day of March, 1985.