617 F.Supp. 1024 (1985)
UNITED STATES of America, Plaintiff,
v.
Gerald L. ROGERS, et al., Defendants.
Crim. A. No. 84-CR-337.
United States District Court, D. Colorado.
September 25, 1985.
*1025 Richard J. Nolan and Edward P. Timmins, Asst. U.S. Attys., Denver, Colo., for plaintiff.
Jeffery S. Gordon, O'Donnell & Gordon, Los Angeles, Cal., and John Moorhead, Baker & Hostetler, Denver, Colo., for Rogers.
Laurence B. Finegold, Franco, Asia, Bensussen, Coe & Finegold, Seattle, Wash., for Coomber.
Ray Takiff, Coconut Grove, Fla., for Fonseca-Lopez.
Michael Canges, Canges & Volpe, Denver, Colo., for Lepone.

*1026 MEMORANDUM OPINION AND ORDER
KANE, District Judge.
After eighteen months of investigation and deliberation, a grand jury of the District of Colorado returned a thirty count indictment in this case on November 29, 1984. The indictment charges the named defendants with mail fraud, racketeering, fraudulent interstate transactions, aiding the filing of false or fraudulent tax returns, conspiracy to obstruct justice, subornation of perjury, and perjury. Additionally, the indictment alleges forfeitures under the Comprehensive Forfeiture Act of 1984, Pub.L. No. 98-473, § 302, 98 Stat. 1976, 18 U.S.C. § 1963. On the next day, November 30, 1984, the grand jury filed a "Superceding (sic) Indictment" which contained the identical counts plus an additional paragraph in the forfeiture allegations following Count XI. This paragraph lists the entities which are subject to the forfeiture allegations.
This case is before me on defendants' motions for bills of particulars pursuant to Fed.R.Crim.P. 7(f).[1] Defendants seek 222 enumerated particulars. The total number of requests, however, is approximately 500. Ordinarily, an order dealing with motions for bills of particulars does not merit circulation or publication. Here, however, we are confronted with a new act of congress which in itself constitutes a significant departure from traditional concepts of criminal law. Judges, prosecutors, and defense counsel are all plowing new ground, so to speak. Accordingly, the actions taken here may be worthy of consideration as other such cases are filed. As will become obvious, I have relied heavily on Judge Murphy's excellently written opinion in United States v. Thevis, 474 F.Supp. 117 (N.D.Ga. 1979).

I.
Motions for bills of particulars are addressed to the sound discretion of the trial court. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir.1983). Discretion in this area is very broad. A denial of a motion for bill of particulars will not be disturbed on appeal unless an abuse of discretion is shown. United States v. Barbieri, 614 F.2d 715, 719 (10th Cir.1980); see Wyatt v. United States, 388 F.2d 395, 397 (10th Cir.1968).[2]
At least one result of the wide latitude afforded trial courts in making a Rule 7(f) determination is that few concrete standards have been developed. United States v. Shoher, 555 F.Supp. 346, 349 (S.D.N.Y. 1983); United States v. Lavin, 504 F.Supp. 1356, 1361 (N.D.Ill.1981). Additionally, the available precedent is of limited utility since each case is particularly limited to its own facts. Thevis, 474 F.Supp. 117, 123. In other words, "[w]hile there has been widespread recognition of the issues presented by a motion for Bill of Particulars, see 1 Wright, Federal Practice and Procedure § 129 (1969), there has been little general analysis of the manner in which those issues are to be resolved in a particular case." Thevis, 474 F.Supp. 117, 123.
This is not to say, however, that I am totally without guidance in resolving the instant motions. The purpose of a bill of particulars is clear and there are a few well-settled principles to be applied. Also, "[c]ertain factors, including the complexity of the offense charged, the clarity of the indictment and the degree of discovery available to the defendant without the bill are relevant to this issue." Lavin, 504 F.Supp. 1356, 1361; see also Shoher, 555 *1027 F.Supp. 346, 349; Thevis, 474 F.Supp. 117; United States v. Climatemp, Inc., 482 F.Supp. 376 (N.D.Ill.1979); United States v. Magaw, 425 F.Supp. 636 (E.D.Wis.1977). In order to evaluate properly defendants' specific requests for particulars, it is important to enunciate the principles by which the individual particulars will be analyzed, beginning with the purposes of a bill of particulars.
It is axiomatic that a criminal defendant should be given enough information about the offense charged so that he may prepare adequately for trial. See 1 Wright, Federal Practice and Procedure § 219 at 436. The primary purpose of a bill of particulars is "[to] more specifically define the charge set forth in the indictment, so that the defendant is apprised of the charges against him with sufficient clarity in order to allow him the opportunity to prepare his defense and to obviate prejudicial surprise to the defendant at trial." Thevis, 474 F.Supp. 117, 123. Additionally, "further clarity may allow the defendant to raise a double jeopardy defense, if applicable." Thevis, 474 F.Supp. 117, 123; see also United States v. Mackey, 551 F.2d 967 (5th Cir.1977).
Given these purposes, it follows that "[t]he test in passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." 1 Wright, Federal Practice and Procedure § 129 at 436. In applying this test, the federal district court in Thevis adopted the following two-part analysis:
If the particular requested is such that on its face its nondisclosure until trial would result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation, then the request must be granted. See, United States v. Bearden, [423 F.2d 805], 809 [(5th Cir.1970)]; United States v. Sullivan, 421 F.2d 676 (5th Cir.1970); Hickman v. United States, 406 F.2d 414 (5th Cir.1969); 1 Wright, Federal Practice and Procedure § 129 (1969).
On the other hand, if the requested particular is not such that the Court can determine on its own that nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation, then the Court must balance the competing interests of the defense and the government. Where there is no prima facie case for disclosure, the defendant has the burden of showing by brief, affidavit or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation. See, United States v. Rubino, 320 F.Supp. 613 (M.D.Pa.1970).
Thevis, 474 F.Supp. 117, 123-24.
This does not mean, however, that a motion for bill of particulars is a "carte blanche to the defense to investigate the government's case." Thevis, 474 F.Supp. 117, 123; see also United States v. Litman, 547 F.Supp. 645, 654 (W.D.Penn. 1982); United States v. Sherriff, 546 F.2d 604, 606 (5th Cir.1977); United States v. Leonelli, 428 F.Supp. 880, 882 (S.D.N.Y. 1977). It is well-settled that "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." Gabriel, 715 F.2d 1447, 1448, quoting United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir.1980); see also Barbieri, 614 F.2d 715, 719; United States v. Raineri, 91 F.R.D. 159, (W.D. Wis.1980); Climatemp, 482 F.Supp. 376, 390 (N.D.Ill.1979); United States v. Hedman, 458 F.Supp. 1384, 1386 (N.D.Ill.1978); United States v. Tedesco, 441 F.Supp. 1336, 1343 (M.D.Pa.1977). Thus, "[t]he probability of prejudicial surprise or inadequate opportunities for defense preparation to the defendant must be balanced against the government's general right to prevent disclosure of its evidence and legal theories." Thevis, 474 F.Supp. 117, 124; see also United States v. Miller, 210 F.Supp. 716 (S.D.Tex.1962).
If the competing interests of the defense and the government are closely *1028 balanced, the interests of the defendant in disclosure must prevail:
In 1966, Rule 7(f) was amended to strike the requirement of showing of cause prior to the granting of a motion for Bill of Particulars, and the Advisory Notes to the amendment reflect that change was "designed to encourage a more liberal attitude towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." This amendment requires that the defendant be given the benefit of the doubt in gray areas. United States v. Manetti, [323 F.Supp. 683], 697 [(D.Del.1971)].
Thevis, 474 F.Supp. 117, 124.

II.
With the foregoing principles in mind, I will now address the merits of the motions filed in this case.
First, several of defendants' requests for particulars have already been sufficiently answered in whole or in part in the indictment and through discovery. Additionally, the government has agreed to provide answers to other requests. Accordingly, these requests are denied.[3]See Thevis, 474 F.Supp. 117, 124; United States v. Smith, 65 F.R.D. 464, 469 (N.D. Ga.1974); 1 Wright, Federal Practice and Procedure § 129 at 436.
In several counts of the indictment, it is alleged that defendants, "together with others both known and unknown to the Grand Jury", committed the relevant acts charged. Defendants request disclosure of the identity of such persons either known by the grand jury or now known to the government. It is well-settled that the government must identify undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged; especially where the government plans to call such persons as witnesses. See Barbieri, 614 F.2d 715, 719; United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.1979); Thevis, 474 F.Supp. 117, 125; United States v. Hubbard, 474 F.Supp. 64, 81 (D.D.C.1979); United States v. Fine, 413 F.Supp. 740, 746 (W.D.Wis.1976); United States v. Burgio, 279 F.Supp. 843, 846 (S.D.N.Y.1968). As stated in Thevis, "to do otherwise is to guarantee prejudicial surprise to the defendant if the government is allowed to produce undisclosed, unknown members of the enterprise and its activities to testify against the defendant." 474 F.Supp. 117, 125. Thus, defendants' requests for such particularization are clearly proper. The government has agreed to answer most of *1029 these requests.[4] To that extent, defendants' requests are denied. The government has not, however, stated that it will provide this information with respect to defendant Coomber's request 74. That request is granted.
While the government has agreed, for the most part, to identify co-violators, it objects to defendants' requests for particularization of any overt acts those persons committed with regard to the crimes charged. The government contends that these requests improperly seek evidentiary detail. Minute details of the occurrence of any overt acts may constitute purely evidentiary material not subject to particularization. Hubbard, 474 F.Supp. 64, 81. The government must, however, provide enough information to apprise defendants of the nature of their own alleged overt acts as well as those of co-violators. See Thevis, 474 F.Supp. 117, 125; Fine, 413 F.Supp. 740, 746; United States v. Ahmad, 53 F.R.D. 194, 201 (M.D.Pa.1971); Burgio, 279 F.Supp. 843, 846; United States v. Pilnick, 267 F.Supp. 791, 801 (S.D.N.Y. 1967); United States v. Covelli, 210 F.Supp. 589, 590 (N.D.Ill.1962); cf. United States v. Giese, 597 F.2d 1170 (9th Cir. 1979); United States v. Kilrain, 566 F.2d 979 (5th Cir.1978); United States v. Armocida, 515 F.2d 49 (3d Cir.1975); United States v. Carroll, 510 F.2d 507 (2d Cir. 1975). Such information is necessary for trial preparation and to avoid prejudicial surprise at trial; especially where the government seeks to hold defendants liable for the overt acts of alleged co-conspirators. Thus, defendants' requests for particularization of overt acts is granted.[5] The government must reveal the substance, time, place, and date of each overt act as well as the identities of the participants in those acts.
Similarly, the government must provide particularization of allegedly false statements made by defendants. See, e.g., United States v. Caine, 270 F.Supp. 801 (S.D.N.Y.1967); Pilnick, 267 F.Supp. 791; United States v. Garrison, 168 F.Supp. 622 (E.D.Wis.1958); cf. Shoher, 555 F.Supp 346. General allegations of false statements and testimony are not sufficient. This criminal case should not differ from any civil matter where allegations of fraud and misrepresentations must be pleaded with particularity under Fed.R.Civ.P. 9(b). In fact, application of this rule in criminal cases is even more compelling than in civil matters because defendants' liberty interests are at stake. Accordingly, defendants' requests for particularization of allegedly false statements are granted.[6] The government must reveal the substance, date, time, and place of each false statement or concealment and the persons involved.
Defendant Rogers also requests particulars concerning the criminal forfeiture provisions of 18 U.S.C. § 1963. Count XI of the indictment lists various corporate entities and properties of the defendants which the government contends are subject to forfeiture under 18 U.S.C. § 1963 as property acquired and maintained in violation of 18 U.S.C. § 1962. Rogers' requests *1030 seek particularization of his interest in these entities, how such interest afforded Rogers a source of influence, the identity of others who hold interests in the entities, and how such interests were acquired or maintained in violation of 18 U.S.C. § 1962(c) or constituted proceeds of criminal acts or enterprise. The indictment is insufficiently clear in that it does not detail any connection between many of the entities to be forfeited and the activities of the enterprise. The government must disclose additional information regarding the nexus between the listed entities and the enterprise so that the defense may direct its investigation and trial preparation with sufficient direction. See Thevis, 474 F.Supp. 117, 125. The indictment is sufficiently clear, however, in putting defendants on notice of the government's theory. Thus, these requests for particulars are granted in part and denied in part.[7]
The remainder of defendants' requests are denied.[8] These requests seek information, by and large evidentiary in nature, which is not required under Rule 7(f). The indictment is sufficient, along with information provided by the government, to allow the defense to conduct its own investigation and thus preclude prejudicial surprise at trial.
In ordering the government to particularize, I do not intend to limit strictly the government's proof at trial. Rather, I intend to prevent surprise at trial and denial of a fair opportunity to prepare for trial. If the government is unable to respond in precise terms at this time because it is uncertain as to the facts, the government should respond as precisely as it is able and thereafter adhere to a continuing duty to disclose promptly as additional or more precise facts become known.
IT IS THEREFORE ORDERED THAT:
1. Defendants' motions for bills of particulars are granted in part and denied in part.
2. The government shall respond to those requests granted herein as well as provide that information it has already agreed to provide within twenty days of the date of this order.
3. The government has a continuing duty to disclose promptly as facts not presently known become known.
NOTES
[1] Fed.R.Crim.P. 7(f) provides, in relevant part, that: "A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires."
[2] An abuse of discretion is indicated where the "defendant was actually surprised at trial and thus that substantial rights of his were prejudiced by the denial." 1 Wright, Federal Practice and Procedure § 130 at 295; United States v. Thevis, 474 F.Supp. 117, 123 (N.D.Ga.1979).
[3] Unfortunately, defendants Rogers and, to a lesser extent, Coomber, have not individually numbered subparts to their requests. Consequently, I must briefly describe each part in granting or denying requests.

The following requests of Rogers are denied because they have been sufficiently answered: 3 (president and secretary/treasurer of IME); 4 (owner of First Gold Bank, officers and directors); 5 (relation of General Miniere to GEMSA, business manager, director, and officers of General Miniere, whether General Miniere engaged in mining development for IME, General Miniere's relation to venture); 6 (officers, directors, and agents for corporations); 7 (whether Yukon did development work for GEMSA); 8 (whether Fonseca-Lopez held an interest in Westlake Mortgage and WSI, Fonseca-Lopez's role in these corporations); 9 (the relation of the various corporations to one another); 20 (which documents are referred to); 25 (contents of each mailing); 36 (which documents are referred to); 42 (identify each false document); 47 (true figures for mining report, false figures, negative statements omitted); 54 (content of each mailing); 60-63 (whether purposes were illegal); 64 (what "activities" were referred to); 66 (whether activities were illegal); 67 (which activities were conducted through which entity); 76 (whether there are any other forfeitables, identity); 79 (whether there are any other forfeitable interests, identity); 82 (whether any of the properties listed are subject to forfeiture, identity); 83 (whether any other property is subject to forfeiture); 93 (amount of each taxpayer's investment, dates investments made); 112 (defendant Lepone's false testimony); 113 (Lindblom's false testimony); 114 (Rigney's false testimony); and 115 (Wismer's false testimony).
The following requests of Coomber are denied because they have been sufficiently answered: 1(a)-(c); 6(a)-(f); 7(a); 11(a)-(b); 13(b); 14(a); 15; 28; 29; 30; 44; 49; 71 (identify substance or provide copy of letter); 72(a); and 73.
[4] Rogers' requests 10, 13, 26, 29, 44, 49, 56, 68, 91, 99, and 102. Coomber's requests 10, 16, 24, 36, and 48.
[5] Coomber's requests 4(d) (whether Coomber ever identified himself as Mr. de Bleu); 13(a); 14(b)-(c); 16(b)-(c); 18; 22(e); 25(a)-(c); 31(a)-(c); 32-35; 36(b)-(d); 37(a)-(c); 38(a)-(b); 40-41; 42(a)-(c); 51-52; 54-59; and 70. Rogers' requests 1, 2, 13 (acts "others" performed); 15 (except for Rogers' role); 16; 23-24; 29 (acts "others" performed); 30 (except for Rogers' role); 32; 39; 51; 53; 55; 57; 65; 74; 92; 94; 96; 98; 100 (except as to whether Rogers actually knew about it and when and how he learned about it); 104 (except for Rogers' role); 105 (except for Rogers' role); 106 (except for Rogers' role); 107; 108 (except for Rogers' role); 109-110; 111 (except for Rogers' knowledge and role); 112-116; and 118-119.
[6] Lepone's requests 1-4 to the extent the government has not already agreed to answer them. Rogers' requests 11-12; 19, 21 (this request asks why the representation was false); 27-28; 34; 40-41; 43; 45-46; 50; 52; 87-90; 103; 111 (false testimony, affidavits); and 117. Coomber's requests 2(e); 3(c); 4(d) (whether he identified himself as Mr. de Bleu); 12; 17; 19-21; 23-24; 27; 39(b)-(c); 42(d)-(e); 43; 46; 53; and 60-69.
[7] Rogers' requests 75, 77-78, 80-81, and 84-85 are denied. The government must, however, reveal the nexus between the properties to be forfeited and the enterprise.
[8] Rogers' requests 5 (Rogers' role); 6 (Rogers' role); 7 (who owned and controlled Yukon, what work did Yukon do, did it conduct any business; Rogers' role); 8 (whether Fonseca-Lopez held any interests in IME and GEMSA); 13 (role of others); 14; 15 (Rogers' role); 17; 18; 20 (Rogers' role); 22; 29 (role of others); 30 (Rogers' role); 31; 33; 35; 36 (Rogers' role); 37-38; 44 (role of others); 47 (Rogers' knowledge); 48; 49 (role of others); 58-59; 69-73; 86; 95; 97; 101 (Rogers' knowledge); 103 (Rogers' role); 104 (Rogers' knowledge and role); 105 (Rogers' role); 106 (Rogers' role); 107 (Rogers' role); 108 (Rogers' role); 109 (Rogers' role); 111 (Rogers' role and knowledge); and 120. Coomber's requests 2(a)-(d), (f); 3(a)-(b); 4(a)-(c); 5(a)-(c); 7(b); 8(a)-(b); 9; 10(b); 11(c); 22(a)-(d); 26; 30; 39(a); 45; 47(a)-(c); 50; and 71(a)-(c).