UNITED STATES of America,
Plaintiff-Appellant,

v.

Norman  HOFFMAN,
Defendant-Appellee.

No. 85–1267.

United States Court of Appeals,
Ninth  Circuit.

Argued and Submitted June 11, 1986.

Decided July 22, 1986.

Edward P. Moffat, Fresno, Cal., for plaintiff-appellant.

James Homola, Fresno, Cal., for defendant-appellee.

Before PREGERSON, POOLE, and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

The government appeals from a pre-trial order excluding from evidence certain statements made by the defendant unless the government disclosed those statements prior to trial. We reverse.

## BACKGROUND

On July 3, 1985, a five-count information was filed against appellee Norman Hoffman charging him with various crimes relating to the possession and manufacture of methamphetamine. On August 6, 1985, Hoffman filed a discovery motion seeking, *inter alia,* all statements he made to "investigation officers or to third parties."[1] On August 12, 1985, the government responded, specifically opposing Hoffman's request for all of his statements. The government stated that Hoffman was not entitled to discover his oral statements other than those made in response to interrogation by a person known to be a law enforcement officer.

After a hearing on the matter, the district court issued an order requiring the government to produce all statements of the defendant. The court ruled:

It is the practice of this Court that all of the defendant's statements, to whomever made, must be furnished to the defendant. The statements alleged to have been made to third persons and reported to government agents may be set out in *haec verba* on separate paper, showing only the date or approximate date on which the statement was allegedly made. If the government chooses, they may submit the statements that are contained in the body of either investigative reports or third party witness statements edited in such a manner so as not to reveal the identity of the non-government agent to whom the statement was allegedly made, or the identity of other persons present during the making of the statement. The government is directed to furnish these statements within 10 working days of the date of this order. Failure to comply will result in the testimony concerning the statements to be excluded at the time of trial.

The government subsequently notified the court that it would not comply with the order and that it would seek to offer at trial evidence of oral statements "made by the defendant to persons not then known to

---

1. Hoffman's request in full reads:

All statements, confessions, admissions, remarks or utterances of the defendant made to investigation officers or to third parties, including those statements, admissions, remarks and utterances which may have been incorporated in any report, statement, memorandum or other document or recording prepared by and [sic] person or federal, state or local government agents,. within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. In addition, the names of those officers present at the time the above statements were made.

be government agents—and who were not, in fact, government agents—and were not made in response to interrogation."

On September 4, 1985, the government timely filed a notice of appeal of the trial court's order pursuant to 18 U.S.C. § 3731.[2] The government also certified that the appeal was not made for the purpose of delay and the evidence sought to be introduced was material.

## STANDARD OF REVIEW

■ Generally, we review a district court's ruling on a discovery request for an abuse of discretion. *See United States v. Domina,* 784 F.2d 1361, 1372 (9th Cir. 1986). The validity of the discovery order in this case, however, turns on the district court's interpretation of Fed.R.Crim.P. 16(a)(1), which we review *de novo. See United States v. Givens,* 767 F.2d 574, 583 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985); *see also United States v. Patel,* 762 F.2d 784, 791 (9th Cir.1985) (interpretation of statute reviewed *de novo* ).

## DISCUSSION

Fed.R.Crim.P. 16 sets forth the scope of discovery in criminal cases. Rule 16(a)(1),

which describes the information subject to government disclosure, provides in part:

**(A) Statement of Defendant.** Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest *in response to interrogation by any person then known to the defendant to be a government agent* . . . .

Fed.R.Crim.P. 16(a)(1)(A) (emphasis added).[3] The government contends that this rule precludes broad disclosure of all oral statements made by Hoffman, including those made to third parties.

The starting point of statutory construction, of course, is the language of the statute itself. *Landreth Timber Co. v. Lan-*

---

**2.** Section 3731 permits the government to appeal "from a decision or order of a district courts suppressing or excluding evidence ... if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. Such an appeal is permitted even though the exclusion of evidence is conditional. *See United States v. Todaro,* 744 F.2d 5, 8 n. 1 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985) (order excluding evidence unless government granted immunity to two witnesses).

**3.** Prior to 1975, Rule 16(a)(1)(A) permitted disclosure only of written or recorded statements of the defendant. *See United States v. Walk,* 533 F.2d 417, 418 n. 1 (9th Cir.1975). The rule was amended in 1974 to require, *inter alia,* disclosure of oral statements. *See* Federal Rules of Criminal Procedure Amendments Act of 1975, Pub.L. No. 94–64, 1975 U.S.Code Cong. & Ad. News (89 Stat.) 370, 374. The amendments revised the rule "to give greater discovery to both the prosecution and the defense." Fed.R. Crim.P. 16(a)(1)(A) advisory committee note. The Advisory Committee noted that broader

pretrial disclosure would promote informed plea decisions. *Id.* As to the inclusion of oral statements in the discovery provisions, the Committee noted:

> The reasons for permitting the defendant to discover his own [written or recorded] statements seem obviously to apply to the substance of any oral statement which the government intends to use in evidence at trial. Certainly disclosure will facilitate the raising of objections to admissibility prior to trial.

*Id.* (citation omitted). Neither the House Report nor the House Conference Report accompanying the amendments explain why disclosure was limited to only those oral statements made in response to interrogation to a person known to be a government agent. Two representatives objected, stating that "[t]here is no justification for this limitation: the defendant should be able to obtain any statement he made *if the government intends to use it at trial.* H.R. Rep. No. 94–247, 94th Cong., 1st Sess. 35, *reprinted in* 1975 U.S.Code Cong. & Ad.News 674, 707 (separate views of Ms. Holtzman and Mr. Drinan) (emphasis in original).

*dreth,* —— U.S. ——, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985); *see Brock v. Writers Guild of America, West, Inc.,* 762 F.2d 1349, 1353 (9th Cir.1985). The plain meaning of a statute is controlling absent a clearly expressed Congressional intention to the contrary. *North Dakota v. United States,* 460 U.S. 300, 312, 103 S.Ct. 1095, 1102, 75 L.Ed.2d 77 (1983); *Moorhead v. United States,* 774 F.2d 936, 941 (9th Cir. 1985).

■ A review of the wording of Rule 16(a)(1)(A) indicates that the district court's discovery order is beyond the ambit of the rule. The order requires the government to disclose "all of the defendant's statements, to whomever made ...." Rule 16(a)(1)(A), however, specifically states that a defendant's *oral* statements [4] need only be disclosed if made in response to interrogation by persons known to be government agents. Thus, the government need not disclose any *voluntary* oral statements made by Hoffman. *See United States v. Collins,* 764 F.2d 647, 653 (9th Cir.1985) (discovery not required because statements were not made in response to interrogation); *United States v. Von Stoll,* 726 F.2d 584, 587–88 (9th Cir.1984) (same); *United States v. Navar,* 611 F.2d 1156, 1158 (5th Cir.1980) (same); *United States v. Rinn,* 586 F.2d 113, 120 (9th Cir.1978) (same), *cert. denied,* 441 U.S. 931, 99 S.Ct. 2051, 60 L.Ed.2d 659 (1979). Similarly, disclosure of Hoffman's oral statements is not required unless he knew that he was talking to a government agent. *See United States v.*

*Vitale,* 728 F.2d 1090, 1094 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 103, 83 L.Ed.2d 48 (1984) (defendant did not know he was speaking to agent); *United States v. McClure,* 734 F.2d 484, 493 (10th Cir. 1984) (same); *United States v. Cochran,* 697 F.2d 600, 606 (5th Cir.1983) (same); *Navar,* 611 F.2d at 1158 (same); *Rinn,* 586 F.2d at 120 (same).

Accordingly, the district court's order is beyond the ambit of the rule because it requires memorialization and disclosure of voluntary statements to government agents and, more particularly, statements made to persons not known to be government agents. The order is especially overbroad in light of defendant's contention that the people to whom he made the statements were in fact *not* government agents. *See United States v. Zarattini,* 552 F.2d 753, 757 (7th Cir.), *cert. denied,* 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977) (no right to discovery because person hearing statement was not a government agent).

The district court thus incorrectly precluded the government from presenting evidence of Hoffman's oral statements at trial absent compliance with its order. *Cf. Fed.R.Crim.P.* 16(d)(2) (court may prohibit party from introducing evidence not disclosed if the party "has failed to comply with this rule.").

■ The government also urges an alternative ground for striking the district

---

**4.** "Oral" statements encompass written summaries and notes of oral statements prepared by government agents. *See United States v. McClure,* 734 F.2d 484, 493 (10th Cir.1984); *United States v. Viserto,* 596 F.2d 531, 538 (2d Cir.), *cert. denied,* 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979). In holding that the government did not have to disclose oral statements that officers later summarized in their written reports, the *McClure* court discussed the difference under the rule between "written" statements and "oral" statements later written down:

In our view, the statements sought to be discovered were clearly "oral statements," even though they were subsequently summarized by the agents. In order for a statement, oral or written, to be discoverable, it would appear that the statement must in some manner be

recorded; a defendant would be hard pressed to discover the ears of an interrogating officer. The mere fact of summarizing an oral statement could surely not transform it into a written/recorded statement; to hold otherwise would render meaningless the distinction between oral and written statements under the rule.

*Id; see Viserto,* 596 F.2d at 538; *see also Walk,* 533 F.2d at 418 (oral statements not discoverable under former Rule 16(a)(1)(A), which allowed disclosure only of written and recorded statements, even though the statements were eventually summarized in written notes); *United States v. Feinberg,* 502 F.2d 1180, 1182–83 (7th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975) (same).

court's discovery order. The government contends that the order compels discovery of prospective witnesses's statements that contain statements made by Hoffman. The government argues that such an order violates the Jencks Act, which provides in pertinent part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Hoffman argues that the Jencks Act prohibition on disclosure of statements by third-party witnesses is inapplicable in this case. He contends that he sought only his statements, and that the district court's order allowed the government to edit the third-party statements to protect the identity of third persons.

In *United States v. Walk,* 533 F.2d 417, 418–20 (9th Cir.1975), we held that because of the difficulty of excising defendant's statements from the statements of third-party witnesses without revealing the identity of the witness, such witness's statements are not discoverable except in accordance with the Jencks Act. We noted:

> The mere fact that the witness' statement in this case contains oral "statements" attributable to the defendant in no way diminishes the recognized government interest in protecting the identity of the witness, and the context of the statement, until the time of trial. We agree with the Seventh Circuit that as a practical matter it will be impossible to excise oral "statements" of the defendant without revealing the contents of the witness' statement.

*Id.* at 419 (citing *United States v. Feinberg,* 502 F.2d 1180 (7th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975)).

The *Walk* panel concluded that "the Jencks Act prohibits the pre-trial disclosure of the witness' statements, even when such statements contain quotations allegedly attributable to the defendant ...." *Id.* at 420; *accord United States v. Callahan,* 534 F.2d 763, 765 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); *United States v. Wilkerson,* 456 F.2d 57, 61 (6th Cir.), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2507, 33 L.Ed.2d 337 (1972); *United States v. Thomas,* 609 F.Supp. 1048, 1050 (E.D.N.C.1985).

The district court therefore may not order the government to memorialize and disclose statements made by prospective witnesses.

## CONCLUSION

The district court's discovery order violates Rule 16(a)(1)(A) to the extent it compels disclosure of oral statements made by Hoffman not in response to interrogation by a person known to be a government agent. Further, the order violates the Jencks Act to the extent it compels pretrial disclosure of Hoffman's statements that are contained in statements of prospective witnesses. Accordingly, the conditional suppression order is reversed.

**REVERSED.**