103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wade T. RODRIGUES, Defendant-Appellant.
 No. 95-10497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Nov. 19, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Defendant-Appellant Wade T. Rodrigues for being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)), being a felon in possession of ammunition (18 U.S.C. § 922(g)(1)), attempted distribution of methamphetamine to a person under 21 years of age (21 U.S.C. §§ 841(a)(1), 846, and 859), use and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)), and possession of cocaine (21 U.S.C. § 844(a)). In this appeal, Rodrigues claims that the district court erred by denying his motion to suppress evidence obtained in violation of the Fourth Amendment, and by admitting his extrajudicial statement that was not disclosed by the Government prior to trial. We affirm because we conclude that the officers had reasonable suspicion to stop and frisk Rodrigues, and had probable cause to search him incident to a lawful arrest. We also hold that the Government did not violate its duty to disclose Rodrigues's voluntary statement to the prison guard because it was not elicited in response to interrogation. We discuss each contention and the facts pertinent thereto in separate sections.
 
 
 3
 * Rodrigues argues that the police did not have proper justification for their pre-arrest stop and pat-down search. Rodrigues asserts the police did not corroborate the citizen informer's description of a person armed with a handgun, and had no independent basis to suspect Rodrigues was armed or engaged in criminal activity. We review de novo a trial judge's finding of founded suspicion. United States v. Carrillo, 902 F.2d 1405, 1410-11 (9th Cir.1990). We review the district court's factual determinations for clear error. United States v. Kim, 25 F.3d 1426, 1430 (9th Cir.), cert. denied, 115 S.Ct. 607 (1994).
 
 
 4
 Not every encounter between the police and the public implicates the Fourth Amendment or requires probable cause. United States v. Ayarza, 874 F.2d 647, 650 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990). There is no constitutional confrontation as long as a reasonable person would feel free to leave. Id. Once that freedom ends, however, the Fourth Amendment places limits on law enforcement. In order to conduct an investigative stop or frisk for weapons, a law enforcement agent must have a founded or reasonable suspicion "that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968); see United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988). Under the totality of the circumstances, an officer "must have a particularized and objective basis for suspecting the particular person stopped" poses a threat to the officer or the public. United States v. Cortez, 449 U.S. 411, 417 (1981). When the officer takes the next step and arrests the suspect, the Fourth Amendment requires probable cause. Ayarza, 874 F.2d at 650. Here, the district court concluded correctly that, under the totality of the circumstances known to the officers, they acted reasonably in conducting a pat-down search and had probable cause to arrest Rodrigues when the search yielded a firearm.
 
 
 5
 The officers had a reasonable suspicion that Rodrigues posed an immediate threat to the officers' safety based on the match between Rodrigues's appearance and the broadcast description, Rodrigues's suspicious reaction and behavior, and the short delay between the 911 call and the officers' response. Officers Eli Walters and Dien Shearer corroborated a significant portion of the information furnished by the informer when they concluded independently that Rodrigues matched the broadcast description. "When law enforcement officials corroborate the details of an anonymous informant's tip, the tip can give rise to a reasonable articulable suspicion." United States v. Alvarez, 899 F.2d 833, 837 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991), (quoting United States v. Rodriguez, 835 F.2d 1090, 1092 (5th Cir.1988)). In addition, Rodrigues's "startled" physical reaction to Officer Shearer's question regarding whether Rodrigues had seen an armed man in the area, his refusal to remove his hands from his jacket pockets, and his attempt to evade Officer Shearer were articulable facts demonstrating that a pat-down search was necessary for the officer's safety. Finally, Officer Walters's observation of Rodrigues's refusal to cooperate with Officer Shearer and a "bulge" underneath Rodrigues's jacket strengthened the officers' collective basis for reasonable suspicion. See United States v. Hill, 545 F.2d 1191, 1193 (9th Cir.1976) (raising armed robbery suspect's shirt to inspect a bulge is "well within the boundaries established by Terry ").
 
 
 6
 The officers' reasonable suspicion was further confirmed when Rodrigues collided inadvertently with Officer Walters while attempting to evade Officer Shearer. In his efforts to ward off a collision, Officer Walters felt an object that was consistent with the presence of a firearm underneath the jacket. Accordingly, Officer Walters was justified in pushing Rodrigues against the police car and searching his jacket for a gun. "The use of force during a Terry stop does not convert the stop into an arrest if the force is justified by concern for the safety of the officer or others." United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 502 U.S. 854 (1991).
 
 
 7
 The discovery of the first firearm established probable cause to arrest Rodrigues. Alvarez, 899 F.2d at 839; United States v. Greene, 783 F.2d 1364, 1368 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). Incident to the arrest, the officers had the authority to search "the area from within which [the arrestee] might gain possession of a weapon or destructible evidence." Chimel v. California, 395 U.S. 752, 763 (1969). The permissible scope of the search included Rodrigues's clothes, backpack, and fanny pack.
 
 II
 
 8
 Rodrigues also asserts that the Government violated Fed.R.Crim.P. 16(a)(1)(A) and District of Hawaii Local Criminal Rule 320-1 by failing to disclose the substance of an oral statement that Rodrigues made to Adult Corrections Officer Irenio Gansit. A trial judge's interpretation of Fed.R.Crim.Proc. 16(a)(1)(A) is reviewed de novo. United States v. Hoffman, 794 F.2d 1429, 1431 (9th Cir.1986).
 
 
 9
 Pursuant to Rule 16(a)(1)(A), the Government is required to disclose (1) written or recorded statements made by the defendant and (2) the substance of any oral statement made by the defendant in response to interrogation by a person the defendant knows is a government agent.[1] Local Rule 320-1 imposes the same requirements.[2]
 
 
 10
 Rodrigues testified that he was wearing a brown jacket on the night he was arrested. Officer Gansit testified for the prosecution as a rebuttal witness. He stated that Rodrigues obtained the brown jacket when he arrived at the Oahu Community Correctional Center ("OCCC"). Officer Gansit testified that Rodrigues initiated the conversation regarding the brown jacket. Rodrigues complained to Officer Gansit that the jacket he was wearing at the time of his arrest was not among the items that were brought to the OCCC. Rodrigues then asked Gansit if he could have the brown jacket "in replacement for the one he didn't get from HPD." Officer Gansit agreed and listed the brown jacket on Rodrigues's property receipt form as belonging to Rodrigues.
 
 
 11
 Officer Gansit prepared a written report of this conversation. Rodrigues objected to Officer Gansit's testimony because the Government had failed to disclose the officer's written report of Rodrigues's request that he be given the brown jacket to replace the one he wore on the night he was arrested. Under the part of the rule governing oral statements, Rodrigues's statement to Officer Gansit is not a "written statement" merely because Officer Gansit later summarized it in writing. " 'Oral' statements encompass written summaries and notes of oral statements prepared by government agents." Hoffman, 794 F.2d at 1432 n. 4 (citations omitted). The Government had no duty to disclose Officer Gansit's written report because Rodrigues was not interrogated by Officer Gansit. See Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980) (defining interrogation as "express questioning" or "any words or actions ... the police should know are reasonably likely to elicit an incriminating response from the suspect").
 
 
 12
 Rule 16(a)(1)(A) and Local Criminal Rule 320-1(a) do not apply when a defendant initiates the conversation or volunteers information. Hoffman, 794 F.2d at 1432; United States v. Von Stoll, 726 F.2d 584, 588 (9th Cir.1984). The district court did not err in holding that the failure to disclose Officer Gansit's report did not violate Rule 16(a)(1)(A) or District of Hawaii Local Criminal Rule 320-1(a).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 16(a)(1)(A) provides in pertinent part:
 "Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.... The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial."
 
 
 [2]
 Local Rule 320-1 requires the Government to disclose the following information:
 
 
 [1]
 Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government
 
 
 [2]
 The substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after the arrest in response to interrogation by any person then known to the defendant to be a government agent
 District of Hawaii Local Criminal Rule 320-1(a).