WILLIAM A. FLETCHER, Circuit Judge,
dissenting.
I respectfully dissent.
The government seeks to use Federal Rule of Criminal Procedure 16(a)(2), which protects work product, to serve the purposes of Rule 16(d)(1), which protects witnesses. The government is very open in stating that it seeks to protect its witnesses rather than its work product. In the first paragraph of its brief, it writes:
This combined appeal and petition arise out of a complex prosecution of twelve members of ... a violent street gang in San Francisco, California.... [Civilian witness safety is a paramount concern in this prosecution. The legal issues presented by this brief are critically important for the protection of civilian witnesses.
The district court entered what it described as a “very strong, muscular protective order.” The government, however, is not satisfied with the protection this order — or indeed any order- — can provide to its witnesses. The government writes that it “firmly believes that no protective order, no matter how restrictive its terms, is sufficient to protect the safety and lives of these witnesses.” For that reason, the government steadfastly refused to assist the district court in crafting any protective order that would require disclosure of the names or identifying information of witnesses at any time before trial. The district court finally said in frustration:
I gave you two opportunities [to participate in the drafting process]. I said, “Government, please, help me draft this protective order.” You said no, you thumbed your nose at the Court, and said, “No, a thousand times no, we don’t want a protective order.” That’s all you said.
[SER tab 11, at 44]
The protective order entered by the district court in this case requires the government to make available to defendants’ counsel the unredacted names of prospective witnesses. The order then places severe restrictions on the use counsel may make of the names and any identifying information. Up until 21 days before trial, defendants’ counsel are strictly forbidden from disclosing to defendants any “identifying information on protected witnesses” either “directly or indirectly.” Within 21 days of trial, witness names and identifying information can be revealed to the defendants, subject to certain restrictions. Neither the majority nor I address the government’s mandamus challenge to the district court’s requirement that names and identifying information be turned over within 21 days of trial.
The government has refused to comply with the district court’s order. Specifically, it has refused to provide witness names or identifying information contained in police reports prepared by officers of the San Francisco Police Department. The government contends that these reports are protected as government work product under Rule 16(a)(2), even though the reports were prepared long before it had any in *1123 volvement with the investigation and prosecution of these defendants. Despite its claim that the entire reports are protected as work product under Rule 16(a)(2), the government is willing to hand them over after redaction. But it insists that Rule 16(a)(2) allows it to redact names and identifying information.
The government and the majority misunderstand and therefore misuse Rule 16(a)(2). Rule 16(a)(2) is designed to protect only the government’s work product in connection with a criminal case: “[Ujnder Rule 16(a)(2), [a defendant] may not examine Government work product in connection with his case.” United States v. Armstrong, 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (emphasis added). Because the reports in question are the work product of the San Francisco Police Department, not of the government, they are not protected by Rule 16(a)(2). To the extent the government is concerned about the safety of its witnesses, its remedy is a protective order under Rule 16(d)(1).
I. Overview
Federal Rule of Criminal Procedure 16 deals with pretrial discovery in federal criminal cases. Rule 16 was adopted “in the view that broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence.” Fed.R.Crim.P. 16 advisory committee’s note (1974 Amendment); see also United States v. Howell, 231 F.3d 615, 626 (9th Cir.2000).
Notwithstanding the goal of “broad discovery,” two subsections of Rule 16 — Rules 16(a)(2) and 16(b)(2) — carve out “information not subject to disclosure” by the government and the defendant respectively. As the Advisory Note to Rule 16 explains, these subsections “set forth ‘work product’ exceptions to the general discovery requirements.” Fed.R.Crim.P. 16 advisory committee’s note (1975 Enactment); see also Armstrong, 517 U.S. at 463, 116 S.Ct. 1480; United States v. Fernandez, 231 F.3d 1240, 1247 (9th Cir.2000) (“Rule 16 of the Federal Rules of Criminal Procedure recognizes the work product privilege .... ”). Because Rule 16(a)(2), which protects the government’s work product, is an exception to the disclosure provisions that comprise the greater part of Rule 16(a), the exception must be construed “narrowly in order to preserve the primary operation of the provision.” Comm’r v. Clark, 489 U.S. 726, 739, 109 S.Ct. 1455, 103 L.Ed.2d 753 (1989).
II. The Text of Rule 16(a)(2)
Statutory interpretation begins with the text of the statute or rule. United States v. Hoffman, 794 F.2d 1429, 1431 (9th Cir.1986) (interpreting Rule 16). The plain meaning of a statute or rule is “controlling absent a clearly expressed Congressional intention to the contrary.” Id. at 1432. We presume that “identical words used in different parts of the same [rule]” are “intended to have the same meaning.” Gustafson v. Alloyd Co., 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (internal quotation marks omitted). Ordinarily, a rule should be interpreted to give effect to every clause and word contained in it. See Negonsott v. Samuels, 507 U.S. 99, 106, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993); Moskal v. United States, 498 U.S. 103, 109, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). In considering plain meaning, it is necessary to keep in mind the context of particular language and the structure of the statute or rule as a whole. See Davis v. Mich. Dep’t of Treasury, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) (“It is a fundamental canon of statutory *1124 construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.”).
Rule 16(a)(1) requires the government to turn over certain things to the defendant in advance of trial. Pertinent to this case, Rule 16(a)(1)(E) requires the government, upon request, to permit the defendant to “inspect and to copy ... documents ... if the item is within the government’s possession, custody, or control and ... the item is material to preparing the defense.” The government has conceded that the police reports in question are “documents” within the meaning of Rule 16(a)(1)(E).
Rule 16(a)(2) provides a work-product exception to the obligation imposed under Rule 16(a)(1)(E). See United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir.2003); Majority Op. at 1110 n. 2. In relevant part, Rule 16(a)(2) provides:
[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other [1] internal government documents [2] made by [3] an attorney for the government or other government agent in connection with investigating or prosecuting the case.
(Bracketed numbers and emphasis added.) The meaning of Rule 16(a)(2) is so plain that it should be unnecessary to do anything more than simply to read the text in order to conclude that it does not protect documents prepared by the San Francisco Police Department without any involvement by the federal government. But because the majority concludes otherwise, I engage in a detailed analysis of the text.
Rule 16(a)(2) contains three phrases that have particular relevance to this case. These are the numbered italicized phrases above — “internal government documents,” “made by,” and “an attorney for the government or other government agent.” I discuss each in turn.
A. “Internal Government Documents”
Rule 16(a)(2) limits the “information” it protects to “reports, memoranda, or other internal government documents.” (Emphasis added.) “Internal government documents” are a subclass of documents “within the government’s possession, custody, or control” that must otherwise be produced under Rule 16(a)(1)(E). The Oxford English Dictionary (2d ed.1989) defines “internal” as “[pjertaining to the inner nature or relations of anything, as distinguished from its relations to things external to itself.” Id. at 1121 (voLVII). We have previously held that the term “government” in Rule 16, as used in relation to documents within the government’s “possession, custody, or control,” refers to the “federal government.” United States v. Gatto, 763 F.2d 1040, 1048-49 (9th Cir.1985); see also United States v. Chavez-Vernaza, 844 F.2d 1368, 1374-75 (9th Cir.1987). The majority concedes that the term “government,” as it is used throughout Rule 16(a)(2), refers to the “federal government.” Majority Op. at 1111 (“ ‘government’ means ‘federal government’ in Rule 16(a)(2)”). “Internal government documents” are therefore documents “pertaining to the inner nature or relations of [the federal government], as distinguished from its relations to things external to itself.” Documents generated outside the federal government without federal involvement for non-federal purposes are not “internal government documents” within the meaning of the rule.
B. “Made By”
Rule 16(a)(2) further requires that the documents be “made by” a federal government attorney or other government agent. The Oxford English Dictionary defines “made” as “produced or obtained by ‘making’ as distinguished from other modes of origin or acquisition.” Id. at 174 (vol.IX). *1125 Documents cannot be made by federal government attorneys or agents if they are made by someone else. The phrase “made by,” like “internal government,” thus signals that documents protected from disclosure by Rule 16(a)(2) are a subclass of the broader class of documents “within the government’s possession, custody, or control” described in Rule 16(a)(1)(E).
C. “An Attorney for the Government or Other Government Agent”
Finally, internal government documents must be made by “an attorney for the government or other government agent.” It is undisputed that the police reports at issue were not made by an attorney. Rather, they were made by officers of the San Francisco Police Department. The question is whether the San Francisco police officers who made the reports were “other government agents” within the meaning of Rule 16(a)(2). To answer this question, we must determine the meaning of the terms “government” and “agent,” and the function of the modifier “other.”
1. “Government”
The term “government” refers to the federal government in Rule 16(a)(2), as conceded by the majority.
2. “Agent”
The term “agent” encompasses only a person who acts with the authority or apparent authority of the principal. Black’s Law Dictionary defines “agent” as “[o]ne who is authorized to act for or in the place of another.” Black’s Laic Dictionary 68 (8th ed.2004) (emphasis added). To “authorize” is “to give legal authority; to empower ... to formally approve; to sanction.” Id. at 148. The term “agent” is sufficiently broad to encompass state or local law enforcement personnel working alongside, or on behalf of, the federal government, as in a cooperative joint investigation. However, the term does not encompass state and local personnel who at the time of their actions had no authority, real or apparent, from the federal government. That is, the term “agent” requires prior or contemporaneous authorization of the agent by the federal government.
Reading the term “agent” to require prior or contemporaneous authorization is consistent with other uses of that term in Rule 16. For example, Rule 16(a)(1)(C) speaks of persons who are “legally able to bind the defendant regarding the subject of [a] statement ... [or] conduct because of that person’s position as the defendant’s director, officer, employee, or agent.” (Emphasis added). This passage mirrors the ordinary definition of “agent” as “[o]ne who is authorized to act for or in the place of another.” In United States v. Taylor, 417 F.3d 1176 (11th Cir.2005), the Eleventh Circuit employed this definition of “agent” under Rule 16(a)(1)(A). The court held that a former cellmate of the defendant, who wrote a letter to the government six months before trial describing the defendant’s purported jailhouse confession, “was not, at any time, a government agent” under Rule 16. Id. at 1181-82.
There is clear symmetry between Rules 16(a)(2) and 16(b)(2). Both sections employ virtually identical language when describing the protected work product of the government (Rule 16(a)(2)) and the defendant (Rule 16(b)(2)). Rule 16(b)(2) allows the defendant to refuse to disclose “reports, memoranda, or other documents made by the defendant, or the defendant’s attorney or agent, during the case’s investigation or defense,” as well as certain statements “made to the defendant, or the defendant’s attorney or agent.” In interpreting Rule 16, the Supreme Court has been guided by “perceptible symmetr[ies]” in its language. Armstrong, 517 U.S. at 462, 116 S.Ct. 1480. The majority does not even mention Rule 16(b)(2), let alone *1126 consider the implications for that section of its broad reading of “agent” in Rule 16(a)(2). If making and later giving a document to the federal government can make a person a “government agent” within the meaning of Rule 16(a)(2), virtually all of the materials that would otherwise be required by Rule 16(a)(1) to be disclosed can be protected from disclosure by the mere act of giving them to the government. I would be very surprised if the majority would embrace a symmetrical reading of Rule 16(b)(2), in which the same definition of “agent” would provide a criminal defendant the same ability to avoid disclosure of documents otherwise required to be disclosed under Rule 16(a)(1).
3. “Other”
The natural reading of the phrase “other government agent” is that it means any “agent of the federal government” other than an “attorney for the government.” See Fed.R.Crim.P. 1(b)(1) (defining “attorney for the government” as an attorney employed or “authorized by” the federal government). However, the government argues that the word “other” modifies only the word “government” rather than the two-word phrase “government agent.” Under the government’s reading, “other government agent” means agent of some government other than the federal government. If we read “other government agent” to mean “agent for another government,” as the government suggests, there would still be work-product protection for the work of an “attorney for the government.” But there would be no work-product protection for the work of any other agent of the federal government. That is, under the government’s reading, there would be no work-product protection for documents prepared by an FBI agent working on a federal criminal case. This is manifestly absurd. I am confident that the government would not argue for this reading of “other government agent” in a case where documents made by an FBI agent were at issue. See United States v. Jordan, 316 F.3d 1215 (11th Cir.2003).
D. Conclusion
I conclude from the foregoing that reports made by members of the San Francisco Police Department, long before the involvement of the federal government in the investigation and prosecution of the defendants in this case, are not protected work product under the plain meaning of Rule 16(a)(2).
III. Majority’s Arguments
The majority makes a number of arguments to escape from the plain meaning of Rule 16(a)(2). I address them in turn.
A. Meaning of “Government Agent” in Rule 16(a)(1)
The majority argues that “other government agent” in Rule 16(a)(2) should be given the same meaning as “government agent” in Rule 16(a)(1). In relevant part, Rule 16(a)(1) provides:
(A) Defendant’s Oral Statement. Upon a defendant’s request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
(B) Defendant’s Written or Recorded Statement. Upon a defendant’s request, the government must disclose to the defendant
(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a *1127 person the defendant knew was a government agent [.]
(Emphasis added.) One court of appeals has held, without discussion, that “government agent,” as used in Rule 16(a)(1), includes an agent of a state or local government. See United States v. Mitchell, 613 F.2d 779, 781 (10th Cir.1980). Other courts of appeals, including our own, have treated state or local police officers as “government agents” under Rule 16(a)(1), but only in the context of cooperative activity. See United States v. Cooper, 800 F.2d 412, 416 (4th Cir.1986) (official at prison housing District of Columbia and federal prisoners); United States v. Rinn, 586 F.2d 113, 115, 120 (9th Cir.1978) (local-police officers cooperating in a joint investigation financed by the Drug Enforcement Agency).
For two reasons, I disagree with the majority’s argument. First, the majority’s argument is, in effect, an argument that the word “government” in the phrase “other government agent” in Rule 16(a)(2) means any government, whether federal, state, or local. But the majority has explicitly disavowed this interpretation of the term “government” in Rule 16(a)(2). Two paragraphs before it argues for a parallel interpretation of the term “government agent” in Rule 16(a)(1) and “other government agent” in Rule 16(a)(2), the majority writes that “ ‘government’ means ‘federal government’ in Rule 16(a)(2).” Majority op. at 1111.
Second, the functions of Rules 16(a)(1) and 16(a)(2) are entirely different. Rule 16(a)(1) imposes a broad discovery obligation on the government. As we wrote in Howell, Rule 16 was intended to facilitate the “broad discovery” needed for “the fair and efficient administration of criminal justice.” 231 F.3d at 625 (quoting Fed. R.Crim.P. 16 advisory committee’s note (1974 Amendment)). The history of amendments to Rule 16 makes clear the fundamental importance attached by the rulemakers to broad discovery and avoidance of unfair surprise. See Fed. R.Crim.P. 16 advisory committee’s note (1966 Amendment) (“The rule has been revised to expand the scope of pretrial discovery.”); id. (1974 Amendment) (“Rule 16 is revised to give greater discovery to both the prosecution and the defense.”); id. (1975 Enactment) (“The Committee believes that it is desirable "to promote greater pretrial discovery.”); id. (1991 Amendment) (“The amendment ... expands slightly government disclosure ....”); id. (1993 Amendment) (“New subdivisions ... expand federal criminal discovery....”). “One of the objectives of Rule 16 is to eliminate the idea that a criminal trial is a sporting contest in which the game of cat and mouse is acceptable.” Howell, 231 F.3d at 626. It is thus at least consistent with the purpose of Rule 16 to read Rule 16(a)(1) broadly to include a requirement that the federal government disclose to a defendant any prior statement made by that defendant to a law enforcement official, whether that statement was made to a federal, state, or local official.
By contrast, Rule 16(a)(2) is a work-product exception to the broad disclosure requirement imposed by Rule 16(a)(1), which we read narrowly to preserve the operation of the provision to which it is an exception. Clark, 489 U.S. at 739, 109 S.Ct. 1455. Rule 16(a)(2) protects only the work product of the federal government. It therefore makes sense that the phrase “other government agent” in Rule 16(a)(2) be read to refer only to agents of the federal government whose work product is being protected. If Rule 16(a)(2) were read more broadly to protect documents made by state or local law enforcement officials, the rule would be protecting the work product of a state or local govern *1128 ment as well as the work product of the federal government.
B. Parallel to Rule 6
Notwithstanding its concession that the term “ ‘government’ means ‘federal government’ in Rule 16(a)(2),” the majority argues that the text of Federal Rule of Criminal Procedure 6(e)(3) indicates the term might include state and local government. Rule 6(e)(3) (A) (ii) carves out a limited exception to grand jury secrecy by allowing “an attorney for the government” to disclose “grand-jury matter” to “any government personnel — including those of a state or state subdivision, Indian tribe, or foreign government ” if “necessary to assist in performing that attorney’s duty to enforce federal criminal law.” (Emphasis added.) The Rules Advisory Committee added the italicized language in 1985 after some district courts held that the phrase “government personnel” did not include state or local officials cooperating with federal attorneys. Fed.R.Crim.P. 6 advisory committee’s note (1985 Amendment); United States v. Pimental, 380 F.3d 575, 595 (1st Cir.2004).
Ordinary rules of statutory construction demand that the term “government” not be interpreted to mean the same thing as the phrase “any government ... including ... a state or state subdivision, Indian tribe, or foreign government.” See Negonsott, 507 U.S. at 106, 113 S.Ct. 1119; Moskal, 498 U.S. at 109, 111 S.Ct. 461. In fact, Rule 6(e)(3)(A)(ii) itself shows that if the Rules Advisory Committee intended Rule 16(a)(2) to protect the work product of state and local, as well as federal, law enforcement officers, it knew very well how to express that intent. See Gozlon-Peretz v. United States, 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) (“Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.” (internal quotation marks and brackets omitted)). The committee has likely declined to amend Rule 16(a)(2) because the phrase “government agent” means exactly what the committee and Congress intend it to mean — an agent of the federal government.
C. Parallel to Protection of Work Product in Civil Cases
The majority argues that we need not read Rule 16(a)(2) narrowly because it is “not just a work product rule.” Majority Op. at 1116. As the majority concedes, however, the Rules Advisory Committee, the Supreme Court, other courts of appeals, and our own court have all characterized Rule 16(a)(2) as a work-product exception. See Fed.R.Crim.P. 16 advisory committee’s note (1975 Enactment); Armstrong, 517 U.S. at 463, 116 S.Ct. 1480; Fernandez, 231 F.3d at 1247; In re Grand Jury Subpoenas, 318 F.3d 379, 383-84 (2d Cir.2003); Virgin Islands v. Fahie, 419 F.3d 249, 257 (3d Cir.2005); Velsicol Chem. Corp. v. Parsons, 561 F.2d 671, 676 (7th Cir.1977); United States v. Fallen, 498 F.2d 172, 175 (8th Cir.1974).
Neither the language nor history of Rule 16(a)(2) suggests that the rulemakers intended to expand its protection beyond traditional work product — that is, protection of materials made by a party or its agent in connection with litigation, including, but not limited to, mental impressions, conclusions, opinions, and legal theories. The text of Rule 16(a)(2), the criminal work-product exception, differs somewhat from that of Federal Rule of Civil Procedure 26(b)(3), the civil work-product exception. But the important difference between the criminal and civil work-product rules lies not in the types of materials they protect, but rather in the fact that the criminal rule, unlike the civil rule, protects *1129 against the disclosure of work product even upon a showing of need. See Fed. R.Civ.P. 26(b)(3); Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576-77 (9th Cir.1992); In re Cendant Corp. Sec. Lit, 343 F.3d 658, 663 (3d Cir.2003); In re Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir.1992). There is nothing in the two rules to suggest that they define differently the government and its agents in describing the scope of the government’s work product.
D. Symmetry
The majority argues that the work-product protection of Rule 16(a)(2) should be read “symmetrically” with other discovery obligations under Rule 16. The majority takes this term from Armstrong, in which the Supreme Court construed the then-current version of Rule 16(a)(1)(C) “symmetrically.” Armstrong, 517 U.S. at 462, 116 S.Ct. 1480. The defendant had sought to prove selective prosecution by the government, and had accordingly sought discovery of documents in other cases brought by the government. The defendant relied on his entitlement, under Rule 16(a)(1)(C), to “documents ... which are within the possession, custody or control of the government, and which are material to the preparation of the defendant’s defense or are intended for use by the government as evidence in chief at the trial[.]” Fed. R.Crim.P. 16(a)(1)(C) (1996) (emphasis added). The Court held that these documents were not discoverable, concluding that the defendant’s “defense,” within the meaning of Rule 16(a)(1)(C), was symmetrical to the government’s “evidence in chief.” Armstrong, 517 U.S. at 462, 116 S.Ct. 1480. Since the defense of selective prosecution would not be presented as responsive to the government’s case in chief, information material to that defense was not discoverable at trial.
I agree with the majority that “symmetry” is relevant to the construction of Rule 16. But the majority seeks to create symmetry where none should exist. Worse, it ignores the symmetry that clearly does exist. I first respond to the majority’s erroneous symmetry arguments. I then point out the symmetry that the majority ignores.
1. The Majority’s Symmetry Arguments
a. The Jenks Act and Rule 16(a)(1)(E)
The majority argues that because “physical possession” is the “dispositive factor” in determining whether material is discoverable under the Jencks Act and Rule 16(a)(1)(E), symmetry requires that it also be the test for whether documents are excepted from discovery under the work-product protection of Rule 16(a)(2). Majority Op. at 1116. This argument ignores the plain language of Rule 16(a)(2), which protects only “internal documents ... made by” the federal government. On its face, this category of documents is not coterminous with documents in the “possession” (Jencks Act), or “possession, custody, or control” (Rule 16(a)(1)(E)), of the federal government. Rather, it represents a narrower subset of them.
Moreover, the result of the majority’s argument is absurd. Like Rule 16(a)(1)(A), the Jencks Act and Rule 16(a)(1)(E) are discovery rules requiring disclosure. By contrast, Rule 16(a)(2) is an exception to a rule requiring disclosure. Reading an exception so that its scope is identical to the rule that it modifies makes no sense. In that event, the exception entirely obliterates the rule. This is why the Supreme Court has counseled not that exceptions be read as symmetrical to rules, but rather that they be read narrowly. Clark, 489 U.S. at 739, 109 S.Ct. 1455.
b. FBI “Form 302” Reports
The majority argues that it would create an “asymmetry” to protect Form 302 re *1130 ports made by FBI agents under Rule 16(a)(2), but not to protect similar reports created by state or local police officers. Majority Op. at 1119. This difference in treatment is, indeed, an asymmetry. But it is one clearly contemplated by the work-product protection of Rule 16(a)(2). The difference in treatment between FBI reports and state and local police reports reflects the distinction, fundamental to the work-product exception, between documents made by a party or its agent, which are protected, and documents created by a non-party, which are not. The purpose of the work-product exception — to give parties freedom and incentive to develop their own cases, see United, States v. Nobles, 422 U.S. 225, 239-40, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)' — simply is not “promoted by shielding from discovery materials in an attorney’s possession that were prepared neither by the attorney nor his agents.” In re Grand Jury Subpoenas, 318 F.3d at 384.
2. Symmetry Argument Ignored by the Majority
The majority ignores the obvious symmetry between Rule 16(a)(2) and the parallel provision in Rule 16(b)(2). Rule 16(a)(2) protects the work product of the government. Rule 16(b)(2) protects the work product of the defendant. In relevant part, Rule 16(a)(2) protects against “the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.” In relevant part, Rule 16(b)(2) protects against “discovery or inspection of ... reports, memoranda, or other documents made by the defendant, or the defendant’s attorney or agent, during the case’s investigation or defense[.]” That Rule 16(a)(2) and Rule 16(b)(2) share nearly identical texts is consistent with the rulemakers’ broader intent that Rule 16 create reciprocal discovery rights and obligations between the government and the defendant. See Fed.R.Crim.P. 16 advisory committee’s note (1975, 1993, and 1997 Amendments).
Symmetry demands that if the government is allowed, under Rule 16(a)(2), to refuse to disclose any document that comes into its possession, custody, or control, regardless whether it was “made by” a federal “agent,” defendants should be afforded comparable protection from disclosure by Rule 16(b)(2). But I find it difficult to believe that either the government or the majority would support such a “symmetrical” reading where documents in the possession of the defense are at issue and are otherwise discoverable under Rule 16.
Conclusion
The government is very appropriately concerned in this case about the safety of prospective witnesses. But the witness protection problem cannot be solved by reading the work-product exception in Rule 16(a)(2) so broadly that it effectively obliterates the discovery mandated by Rule 16(a)(1). As the government and the majority read Rule 16(a)(2), the work-product rule protects virtually all documents now in the possession of the government, whether or not those documents were made by agents of the federal government, and whether or not those documents endanger the safety of any witnesses. Under the majority’s reading, it is enough that the documents be relevant to the case, and that they have been given to and are in the possession of the federal government.
The government has emphasized throughout this case, both in the district court and here, that it is concerned about witness safety. Rule 16 includes a provision that is much better suited for the *1131 protection of witnesses than the work-product rule. That provision is Rule 16(d)(1) (“Protective and Modifying Orders”), under which the court may “[a]t any time ... for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.” The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule. See Fed. R.Crim.P. 16 advisory committee’s note (1974 Amendment). In fact, the district court in this case entered a very extensive protective order under Rule 16(d)(1). Any debate about whether the district court’s order has sufficiently protected witnesses is a debate about the drafting of a protective order under Rule 16(d)(1). It should not be a debate about the scope of work-product privilege under Rule 16(a)(2).