NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. 16-16736 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02405-JD |
| v. | |
| UNITED STATES OF AMERICA and CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted May 7, 2018[**]
San Francisco, California

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

James Johnson appeals pro se the district court's judgment, following a two-day bench trial, of his action raising claims under the Federal Tort Claims Act ("FTCA"), other statutes, and the common law against the United States and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

City and County of San Francisco ("San Francisco").  Johnson raises a number of issues and we will address each in turn.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  The district court did not err in finding Johnson's allegations do not support municipal liability against San Francisco under 42 U.S.C. § 1983.  Johnson fails to allege "a government's policy or custom" that caused his injury.  *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

**2.**  The district court properly dismissed Johnson's claim for Intentional Infliction of Emotional Distress ("IIED") and battery against San Francisco.  To state a claim for battery Johnson needed to allege:  "(1) defendant touched plaintiff or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching."  *So v. Shin*, 212 Cal. App. 4th 652, 668 (2013) (citations omitted).  Johnson does not allege that any of the unnamed sheriff's deputies intended to harm or offend him.  Therefore, his battery claim fails.

Similarly, Johnson cannot state a claim for IIED.  Johnson alleges the officers handcuffing him during an arrest, failure to remove the handcuffs while waiting to be booked, and the failure to intervene amounts to "extreme and

2

outrageous conduct." *Id.* at 671. These routine actions by officers conducting an arrest and booking are not conduct that is "so extreme as to exceed all bounds of decency in a civilized community." *Id.* For this reason, Johnson's IIED claim fails.

**3.** The district court properly found Johnson could not state a claim for false arrest. The officers had "reasonable cause to believe the arrest was lawful" because of Johnson's behavior at the VA. Cal. Pen. Code § 847(b)(1). As Johnson does not allege any facts to contradict the officer's good faith belief, the district court correctly dismissed his false arrest claim.

**4.** The district court properly found there was no private right of action under California Penal Code §§ 849, 142, 145, 147, 836, 840, and 4006. Johnson's causes of action "fail to allege a mandatory duty that may serve as a predicate for liability." *Haggis v. City of Los Angeles*, 22 Cal.4th 490, 495 (2000).

**5.** The district court did not abuse its discretion in re-assigning the case from Judge Chen to Judge Donato upon his appointment to the federal bench pursuant to Civil Local Rule 3-3. *See United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989) ("[W]e give district courts broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders.") (citation omitted).

In addition, the district court properly rejected Johnson's request for recusal.

3

There was no "legitimate reason" for Judge Donato to recuse himself. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

**6.** The district court properly addressed Johnson's claims for malicious prosecution, excessive force, failure to intervene, and violation of the California Penal Code against the United States. The district court correctly held Johnson could not state a claim for malicious prosecution because he could not show that the United States had commenced a legal proceeding against him. *Soukup v. Law Offices of Herbets Hafif*, 39 Cal.4th 260, 291–92 (2006).

Johnson's allegations of excessive force and failure to intervene cannot overcome the sovereign immunity bar to state a Fourth Amendment claim against the United States. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985).

As with his California Penal Code allegations against San Francisco, Johnson's Penal Code claims against the United States fail because he has not alleged any basis for a private right of action. *Haggis*, 22 Cal.4th at 495.

**7.** The district court did not abuse its discretion in any of its various rulings. *See United States v. Hoffman*, 794 F.2d 1429, 1431 (9th Cir. 1986). Johnson complains that the district court improperly: (1) relied on the testimony of Johnson's VA doctor and two arresting officers in determining why Johnson was arrested; (2) denied his request for the name of the front desk employee who called the police; (3) denied Johnson access to two key recorded phone calls; (4) denied

Johnson discovery as to the names of all the doctors and veterans who had appointments in the VA at the time of his arrest; and (5) denied his request to take photographs of himself in the VA holding room handcuffed. We find no abuse of discretion in any of these rulings.

**8.** Johnson, despite his arguments to the contrary, was not entitled to a jury trial on his FTCA claims. The statute explicitly prohibits a jury trial: "[A]ny action against the United States . . . shall be tried by a court without a jury." 28 U.S.C. § 2402.

**9.** The district court did not err in dismissing Johnson's IIED claim against the United States. The conduct Johnson alleges is not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Tekle v. United States*, 511 F.3d 839, 855–56 (9th Cir. 2007) (internal quotation marks and citation omitted).

**10.** Judge Donato did not abuse his discretion by "controlling the conduct of trial." *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1271 (9th Cir. 1980). The district judge acted in a "detached, fair, and impartial" manner as he addressed the challenges of a pro se plaintiff and aided Johnson in the presentation of his trial. *Id.* Johnson's arguments about Judge Donato's conduct lack merit.

**11.** Further Judge Donato did not abuse his discretion by permitting cross-examination of Johnson's expert regarding Johnson's prior shoulder injury. "The

scope and extent of cross-examination rests in the sound discretion of the trial court, and his action in that regard will not be reviewed unless there is an abuse of that discretion." *United States v. Johnson*, 285 F.2d 35, 40 (9th Cir. 1960) (citations omitted). We see no abuse of discretion in the trial court's decision to permit the defendant to cross-examine Dr. Ashley.

12. The district court properly excluded evidence of the Order of Behavior Restriction because it was not a "fact . . . of consequence in determining the action." Fed. R. Evid. 401(b).

13. Under all the circumstances, including how heavily litigated the case had been over the prior three years and that the Magistrate Judge had worked diligently to get the case to trial, there was no abuse of discretion in denying Johnson's motion for a ten-day continuance. *See United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985).

14. The Clerk and the district court correctly awarded the permissible costs to Johnson under Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and the local rules. There is no basis for Johnson's argument to the contrary.

15. Damages awards are reviewed for clear error. *Jarvis v. K2 Inc.*, 486 F.3d 526, 529 (9th Cir. 2007). The award was based on reasonable estimates of loss and thus was not clearly erroneous.

16. Johnson provides no evidence or case law to support his claim that there

was illegal contact between the court and the Assistant U.S. Attorney. We treat these unargued claims as abandoned. *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *see* Fed. R. App. P. 28(a)(8)(A).

**AFFIRMED.**[1]

---

[1] Johnson's Request for Clarification of Appeal, Motion to File an Informal Late Amended Reply Brief, and Request to Transfer Exhibits and Add a New Exhibit are DENIED.